UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT SIGNORIELLO & JUDITH
SIGNORIELLO,

  Plaintiffs,        CASE NO.

  v.

PENTAGROUP FINANCIAL, LLC

  Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, ROBERT SIGNORIELLO & JUDITH SIGNORIELLO ("Plaintiffs"), by and through their attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, PENTAGROUP FINANCIAL, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons who resides in Davenport, Polk County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiffs are informed, believe, and thereon allege, that Defendant is a company with a business office located in Houston, Texas.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiffs are informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiffs.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On January 12, 2011, Plaintiffs received a debt collection letter from Defendant. Plaintiff Robert Signoriello, called Defendant to discuss the situation.

12. Defendant threatened to take Plaintiff's social security, his pension, and garnish any wages that he has and start proceedings against him;

13. Plaintiff, Robert Signoriello, who suffers from Parkinson's disease and mild dementia provided Defendant with his bank account information;

14. Later in the conversation, Plaintiff Judith Signoriello got on the telephone with Defendant and informed them that Plaintiffs did not have the funds in their bank account to pay the debt and instructed Defendant not to take any payments out;

15. Defendant threatened to put a lien on Plaintiff's home. As a result, Plaintiff Judith Signoriello got scared and informed Plaintiff that they would try to get the money;

16. On January 18, 2011, and January 19, 2011, Plaintiff, Judith Signoriello called Defendant and left voicemails messages informing Defendant that she was not able to obtain the money and instructed Defendant not to take any payments out because no funds were available on the account. Despite Plaintiff's request, Defendant tried to take payments out on January 19, 2011; and

17. On January 19, 2011, Mr. Miller, representing himself as an attorney for Pentagroup Financial, LLC threatened to file felony charges against Plaintiffs because Pentagroup Financial, LLC was unable to retrieve money from Plaintiffs' bank account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiffs'

wages social security and pension.

c) Defendant violated *§1692e(4)* of the FDCPA by threatening to put a lien on Plaintiffs' house.

d) Defendant violated *§1692e(7)* of the FDCPA by implying that Plaintiff committed a crime when Defendant told Plaintiffs they would be charged with felony.

e) Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means to collect a debt by threatening to garnish Plaintiffs' wages social security and pension and by threatening to put a lien on their house.

f) Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect a debt when Defendant attempted to take money out of Plaintiffs' bank account after being instructed by Plaintiff not to do so.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

15. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

16. Actual damages.

17. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 230
Fax: (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, ROBERT SIGNORIELLO & JUDITH SIGNORIELLO hereby demand trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ROBERT SIGNORIELLO, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT SIGNORIELLO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-8-11

_Robert Signoriello_
ROBERT SIGNORIELLO,
Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, JUDITH SIGNORIELLO, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, JUDITH SIGNORIELLO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-8-11

JUDITH SIGNORIELLO,
Plaintiff